UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RONNIE DAVE LEWIS,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>B. CATES, (Warden),<br><br>　　　　Respondent. | No. 2:23-cv-00718-JVS-JDE<br><br>ORDER TO SHOW CAUSE<br>WHY THE PETITION SHOULD<br>NOT BE DISMISSED |

## I.

## INTRODUCTION

On January 30, 2023, the Court received from Ronnie Dave Lewis ("Petitioner"), an inmate at the California Correctional Institution in Tehachapi, California, proceeding pro se, a Petition for Writ of Habeas Corpus, on a state court form, seeking to challenge his 2017 convictions for of pimping and human trafficking of a minor for a commercial sex act, resulting in a sentence of two consecutive of life without the possibility of parole, in the California Superior Court for the County of Los Angeles. Dkt. 1 ("Petition" or "Pet.") at 1, 4 (CM/ECF pagination). Although the Petition is difficult to decipher as its pages are interspersed with pages from court opinions and other material, the caption page states that it is filed in "the State of California[,] in

1

and for the County of San Francisco[,] in and for the Supreme Court." Pet. at 1. A letter submitted with the Petition is addressed "to the Supreme Court Judge" and a Proof of Service states that it was sent to "The California Supreme Court[,] Office of the Clerk" in San Francisco, California. Pet. at 56-57. In addition, Petitioner writes that "This Court as the highest ranking at the state level of review has [subject matter jurisdiction] to resolve all issues therein." Pet. at 23 (bracketed material in original).

Separately, this Court's records reveals Petitioner previously challenged the same 2017 convictions and sentence in this Court by filing a Petition for Writ of Habeas Corpus by Person in State Custody in Lewis v. Montgomery, Case No. 2:19-cv-09734-JVS-JDE (C.D. Cal.) ("Prior Action").[1] On October 8, 2020, the Court entered an order accepting a Report and Recommendation by the assigned United States Magistrate Judge and denied the prior Petition. Dkt. 34. The same day, the Court declined to issue a certificate of appealability and entered a judgment of dismissal. See Prior Action, Dkt. 35-36. On October 30, 2020, Petitioner filed a Motion to Reconsider the Order Denying a COA, which the Court denied on November 4, 2020. Dkt. 39, 40. By Order dated November 21, 2021, the Court of Appeals for the Ninth Circuit accepted for consideration Petitioner's Request for a COA. Dkt. 43. As of the date of this order, this Court's docket does not reflect a ruling by the Ninth Circuit on Petitioner's Request for a COA in that Court.

District courts are required to "promptly examine" all federal habeas petitions brought under 28 U.S.C. § 2254 and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief,"

---

[1] The Court takes judicial notice of its own records and files as well as Petitioner's prior proceedings in the state courts. Fed. R. Evid. 201(b)(2); In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

the "judge must dismiss the petition[.]" Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"); Mayle v. Felix, 545 U.S. 644, 656 (2005). Based on a review of the Petition and the docket of the Prior Action, the Petition appears subject to summary dismissal on several grounds, as set forth below.

## II.
## PETITIONER'S CLAIMS

Petitioner appears to assert two grounds for relief in the Petition, both challenging jury instructions given by the trial judge during his 2017 trial. See Pet. at 5-11.

## III.
## DISCUSSION

### A. The Petition Appears to Be Second and Successive

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") applies to the instant action because Petitioner filed it after the AEDPA's effective date of April 24, 1996. See Campbell v. Henry, 614 F.3d 1056, 1058 (9th Cir. 2010). The AEDPA "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." Tyler v. Cain, 533 U.S. 656, 661 (2001). Title 28, United States Code, Section 2244(b) provides, in pertinent part, as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on

        collateral review by the Supreme Court, that was previously unavailable; or

        (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

        (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

        (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A petitioner's failure to obtain authorization from the appropriate appellate court before filing a second or successive habeas petition deprives the district court of jurisdiction to consider the petition. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (per curiam); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam).

Here, as explained above, the instant Petition challenges the same 2017 conviction and sentence that Petitioner challenged in the Prior Action. Consequently, because the Court adjudicated and dismissed the Prior Action on the merits, the instant Petition appears to constitute a second and/or successive petition. As such, Petitioner must obtain permission from the Ninth Circuit before this Court can adjudicate the issue raised in the Petition. 28 U.S.C. § 2244(b)(3)(A). As Petitioner has not presented, and the Court did not locate in a record search, any documentation indicating the Ninth Circuit has issued "an order authorizing the district court to consider the application," it

appears the Court lacks jurisdiction over the Petition, rendering the instant Petition subject to dismissal.

### B. Petitioner Appears to Have Intended for the Petition to Be Determined by the California Supreme Court, not this Court

As noted, the caption page in the Petition states that it is filed "in and for the State of California[,] in and for the County of San Francisco[,] in and for the Supreme Court," describes "[t]his Court" as "the highest ranking at the state level of review," a letter submitted with the Petition is addressed "to the Supreme Court Judge," and a Proof of Service submitted with the Petition states that it was sent to "The California Supreme Court[,] Office of the Clerk" at an address in San Francisco, California. Pet. at 1, 23, 56-57.

The foregoing references, as well as the fact that the Petition is submitted on a state court form, all appear to indicate that it was Petitioner's intention to submit the Petition for consideration by the California Supreme Court, not this Court. As such, the Court directs Petitioner to advise the Court whether he intended the Petition to be considered by this Court in the first instance, rather than by the California Supreme Court.

### C. The Petition Appears to Be Unexhausted

Under 28 U.S.C. § 2254(b), federal habeas relief may not be granted unless the petitioner has exhausted the remedies available in state courts or an exception to the exhaustion requirement applies. Exhaustion requires that the petitioner's claims be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979); see also Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009). A claim has not been fairly presented to a state court unless the petitioner has described both the operative facts and the federal legal theory on which the claim is based. See

Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275-78 (1971); Greenway v. Schriro, 653 F.3d 790, 801 (9th Cir. 2011). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of demonstrating that he has exhausted his available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam).

As it appears, as discussed above, Petitioner intended the Petition to be considered by the California Supreme Court, and as Petitioner has not otherwise indicated that the grounds raised in the Petition have been fully exhausted at the California Supreme Court level, the Petition appears entirely unexhausted, rendering it subject to dismissal.

### D. Petitioner Has Not Used a Proper Form

Finally, the Petition was not submitted on a form approved by this district. Rule 2(d) of the Habeas Rules authorizes district courts to require habeas petitions be filed in a form prescribed by the Local Rules. This Court has such a Local Rule. See Local Rule 83-16.1 ("A petition for writ of habeas corpus . . . shall be submitted on the forms approved and supplied by the Court."). The Petition is subject to dismissal for failure to use a Court-approved form.

### IV.
### ORDER

For the foregoing reasons, the Petition is subject to dismissal. Petitioner is ORDERED TO SHOW CAUSE by filing a written response by **no later than thirty (30) days from the date of this Order** explaining why this action should not be dismissed under Habeas Rule 4 or transferred to the Ninth

Circuit for the reasons stated above. If Petitioner contends the Petition is not a second and/or successive petition, Petitioner should clearly explain this and attach any supporting documents showing that his claim is not second and/or successive to his prior claim. If Petitioner contends he has exhausted his state court remedies regarding the claims raised in the Petition, Petitioner is directed to provide information regarding his efforts to exhaust his claims in the state courts, and attach copies of any documents establishing that his claims are indeed exhausted. Lastly, if Petitioner did intend the Petition to be considered by this Court, he should affirmatively so state.

    <u>Alternatively</u>, Petitioner may voluntarily dismiss this action by signing and returning the attached Notice of Dismissal under Federal Rule of Civil Procedure 41(a). <u>The Clerk is directed to provide a Form Notice of Dismissal with this Order.</u>

    Petitioner is cautioned that a failure to respond timely in compliance with this Order may result in this action being dismissed for the foregoing reasons, for failure to prosecute, and for failure to comply with a Court order. <u>See</u> Fed. R. Civ. P. 41(b).

Dated: February 01, 2023

                                     JOHN D. EARLY
                                 United States Magistrate Judge